UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **PHYSICIANS HEALTHSOURCE, INC.,** | ) | |
| **an Ohio corporation, individually and as the** | ) | |
| **representative of a class of similarly-situated** | ) | |
| **persons** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **ALMA LASERS, INC. and** | ) | |
| **JOHN DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendant Alma Lasers, Inc., ("Alma Lasers"), by its attorneys, hereby removes the instant action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and Rule 81 of the Federal Rules of Civil Procedure, and in support thereof states as follows:

## STATEMENT OF THE CASE

1.     Plaintiff, Physicians Healthsource, Inc. ("PHI") commenced this action on or about May 18, 2012 in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, against Alma Lasers. This action is identified in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, as "*Physician Healthsource, Inc., an Ohio corporation, individually and as the representative of a class of similarly-situated persons v. Alma Lasers, Inc. and John Does 1-10*, No. 12 CH 2492" (the "State Court Action").

2.      Attached hereto as Exhibit A and incorporated herein by reference are true and correct copies of all process and pleadings delivered to Alma Lasers, including a copy of the Summons and Complaint.

3.      Alma Lasers first received a copy of the Complaint on May 24, 2012.  (Ex. A, Summons).

4.      This Notice of Removal has been filed within thirty (30) days of Alma Laser's receipt of the Complaint that commenced the State Court Action and is therefore timely in accordance with 28 U.S.C. § 1446(b).

5.      Alma Lasers is the only known defendant served in the State Court Action.  (Ex. A, Complaint, ¶ 11).  Therefore, no other properly served and joined defendants are required to consent to this Notice of Removal.

## FEDERAL QUESTION JURISDICTION − 28 U.S.C. § 1331

6.      PHI contends that it received unsolicited facsimiles from Alma Lasers in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  (Ex. A, Complaint ¶¶12-32).

7.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and the action is removable under 28 U.S.C. §1441 in that this litigation involves a matter of federal law.  *See Mims v. Arrow Financial Servs., LLC,* 565 U.S. __, 132 S.Ct. 740, 747, 753 (2012) (resolving the split amongst the federal circuits, hold[ing] that Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits" and explaining "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331"); *see also Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451-52 (7th Cir.

2005) (holding TCPA suits are removable under 28 U.S.C. § 1441 because TCPA claims arise under federal law).

## SUPPLEMENTAL JURISDICTION – 28 U.S.C. § 1367

8.  This Court has jurisdiction over PHI's state law conversion claim pursuant to 28 U.S.C. § 1367(a). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

9.  This Court has original jurisdiction to hear PHI's TCPA claim. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164-65 (1977).

10.  PHI's state law conversion claim shares a common nucleus of operative fact with, and form part of the same case or controversy as PHI's TCPA claim, which arises under federal law. (Ex. A, Complaint). Just as with the TCPA claim, the conversion claim relates to PHI's alleged receipt of facsimiles from Alma Lasers. On this basis, 28 U.S.C. § 1367(a) grants this Court supplemental jurisdiction over PHI's state law claim. *See, e.g., Quality Management and Consulting Servs., Inc. v. SAR Orland Food Inc.,* No. 11 CV 06791, 2012 WL 2128327, at 1, n.1 (N.D. Ill. Jun 11, 2012) (explaining the federal district court "has federal question jurisdiction over the Telephone Consumer Protection Act, and supplemental jurisdiction over the related state law [conversion] claims.").

**REMOVAL REQUIREMENTS**

11.     This Notice of Removal has been filed in accordance with 28 U.S.C. §§ 1441 and 1446.

12.     Venue is proper pursuant to 28 U.S.C. § 1441, because the Northern District of Illinois, Eastern Division, includes Lake County, where the State Court Action was originally commenced.

13.     Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Alma Lasers is promptly providing written notice of same to the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois.

**CONCLUSION**

14.     Because the Complaint could have originally been filed in federal court, as the Complaint involves a federal question, and because this Notice of Removal has been timely filed, Alma Lasers hereby removes this action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Defendant Alma Lasers, Inc., respectfully requests that the action described above that is currently pending against it in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, No. 12 CH 2492, be removed therefrom to this Court.

Date: June 22, 2012

Respectfully submitted,

ALMA LASERS, INC.

By: _____/s/ Erin Rose Nathan_____
One of Its Attorneys

John F. Kloecker
Erin Rose Nathan
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
(312) 443-0235 (J. F. Kloecker)
(312) 443-0415 (E. R. Nathan)

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2012, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, and I caused to be served upon all interested parties via U. S. Mail by depositing same in the U.S. Mail at 111 South Wacker, Chicago, Illinois, first class postage properly affixed, before the hour of 5:00 p.m., on June 22, 2012 addressed as follows:

> Brian J. Wanca
> ANDERSON + WANCA
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, Illinois 60008

> _____ /s/ Erin Rose Nathan _____

# EXHIBIT A

*Luis A. Berrones*

**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT**
**LAKE COUNTY, ILLINOIS**

FILED

MAY 18 2012

*Sally A. Offelt*
CIRCUIT CLERK

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., *an Ohio* corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: ) |
| ALMA LASERS, INC. and JOHN DOES 1-10, | ) 12 CH 2492 ) ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, PHYSICIANS HEALTHSOURCE, INC. ("Plaintiff"), brings this action on

behalf of itself and all other persons similarly situated, through its attorneys, and except as to

those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon

personal knowledge, alleges the following upon information and belief against Defendants,

ALMA LASERS, INC. and JOHN DOES 1-10 (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.  This case challenges Defendants' practice of sending unsolicited facsimiles.

2.  The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.  Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and the common law of conversion.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7.      Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County.

8.      Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.      Plaintiff is an Ohio corporation.

10.     On information and belief, Defendant, ALMA LASERS, INC., is an Illinois corporation with its principal place of business in Buffalo Grove, Lake County, Illinois.

11.     John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

12.     On or about July 22, 2008, August 5, 2008, and August 19, 2008 Defendants sent three facsimiles to Plaintiff.  Copies of the three facsimiles are attached hereto as Exhibit A.

2

13.    Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

14.    Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

15.    Plaintiff had not invited or given permission to Defendants to send the facsimile.

16.    On information and belief, Defendants sent the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

17.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18.    Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

19.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

20.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four (4) years prior to the filing of this complaint, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with

3

whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

21.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendants sent unsolicited fax advertisements;

(ii)    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)    Whether the Court should award trebled damages; and

(ix)    Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

4

22.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

23.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

24.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

25.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

26.     The TCPA provides:

> 3.     Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)     Both such actions.

27.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

28.     Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

29.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

30.     Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

31.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

6

32.     Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ALMA LASERS, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

33.     Plaintiff incorporates paragraph 1, 3, 6 through 17 as though fully set forth herein.

34.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five (5) years prior to the filing of this complaint were sent telephone facsimile messages by or on behalf of Defendants.

35.     A class action is proper in that:

7

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii)    Whether Defendants committed the tort of conversion.

36.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

37.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38.    By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

39.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

40.    By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

41.    Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

42.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

43.    Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

44.    Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ALMA LASERS, INC. and JOHN DOES 1-10, jointly and severally, as follows:

9

A.   That the Court adjudge and decree that the present case may be properly

maintained as a class action, appoint Plaintiff as the representative of the class, and

appoint Plaintiff' counsel as counsel for the class;

B.   That the Court award appropriate damages;

C.   That the Court award costs of suit; and

D.   Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

> PHYSICIANS HEALTHSOURCE, INC.,
> individually and as the representative of a class of
> similarly-situated persons
>
> By:   _Brian J Wanca_
> One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC #3126474

**EXHIBIT A**

M RAZA KAHN MD

A L M A   L A S E R S   2 0 0 0   E V E N T S



ALMA LASERS INVITES YOU TO A

# Comprehensive Medical Aesthetics
# Evening Seminar

*Alma Lasers presents a unique and complimentary evening training course ... certificates included!*

**TUITION: FREE**
Course includes food and beverage, lectures, hands-on treatment observations, parking and a certificate of attendance for all physicians and staff attending. Registration is required & late registration will be accepted if space is available.

**OBJECTIVES:**
Lectures and discussions will review laser physics, safety, treatment parameters, techniques, and the latest in laser technology. Participants will observe patient treatments and gain experience through a hands-on lab.

## Friday October 17, 2008
## Columbus, Ohio

**EVENT TIME:** 6:30pm to 9:30pm
6:30 pm Registration
Wine and Hors d'oeuvres will be served

*JUL 22 2008*

**EVENT LOCATION:**
The Columbus Hotel, 50 North 3rd Street
Columbus, OH, 43215, 614-228-5050

**SPEAKER:**
*John Hamel, MD*
*Emergency Medicine, Owner of Complete Laser Clinic*

**WORKSHOP FEATURES:**
• Practice Management – Building a Power Aesthetic Practice
• Pain Free Hair Removal
• Skin Tightening
• Pixel- Fractional Resurfacing
• LIVE Patient Treatments
• Certificate of Training

---

**3 Ways to Register!**
Click: AlmaLasers.com
Call: 1.888.269.0550
Fax: 1.781.741.5576 or
1.888.269.0559

*To be removed from the fax list please call 1.800.783.1714 or fax this form back to 1.888.269.0559 and your fax will be removed immediately.*



www.AlmaLasers.com

**REGISTRATION FORM:**

☐ Yes! I will attend the workshop on Friday October 17, 2008
☐ I cannot attend, but would like additional information.

Name of Attendee: _____

Specialty: _____

Facility Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Phone: _____ Fax: _____

E-mail: _____

Additional Attendee Names: (print clearly for certificates)

75/08 9:11          617-269-0559          M RAZA KAHN MD          D 1/1

**ALMA LASERS 2000 EVENTS**



ALMA LASERS INVITES YOU TO A
# Comprehensive Medical Aesthetics
# Evening Seminar
*Alma Lasers presents a unique and complimentary evening training course*
*... certificates included!*

## Friday October 17, 2008
## Columbus, Ohio

**TUITION: FREE**
Course includes food and beverage, lectures, hands-on treatment observations, parking and a certificate of attendance for all physicians and staff attending. Registration is required & late registration will be accepted if space is available.

**OBJECTIVES:**
Lectures and discussions will review laser physics, safety, treatment parameters, techniques, and the latest in laser technology. Participants will observe patient treatments and gain experience through a hands-on lab.

**EVENT TIME:** 6:30pm to 9:30pm
6:30 pm Registration
Wine and Hors d'oeuvres will be served

**EVENT LOCATION:**
The Columbus Hotel, 50 North 3rd Street
Columbus, OH, 43215, 614-228-5050

**SPEAKER:**
*John Hamel, MD*
*Emergency Medicine, Owner of Complete Laser Clinic*

**WORKSHOP FEATURES:**
• Practice Management -- Building a Power Aesthetic Practice
• Pain Free Hair Removal
• Skin Tightening
• Pixel- Fractional Resurfacing
• LIVE Patient Treatments
• Certificate of Training

**3 Ways to Register!**
Click: AlmaLasers.com
Call: 1.888.269.0550
Fax: 1.781.741.5576 or
1.888.269.0559

*To be removed from the fax list please call 1.800.783.1714 or fax this form back to 1.888.269.0559 and your fax will be removed immediately.*


**Lasers**
With Thru Through Technology

www.AlmaLasers.com

**REGISTRATION FORM:**

☐  Yes! I will attend the workshop on Friday October 17, 2008

☐  I cannot attend, but would like additional information.

Name of Attendee: _____

Specialty: _____

Facility Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Phone: _____ Fax: _____

E-mail: _____

Additional Attendee Names: (print clearly for certificates)

_____

/19/08 9:23                617-269-0559              M RAZA KAHN MD                    1/1

ALMA LASERS 2000 EVENTS



ALMA LASERS INVITES YOU TO A
# Comprehensive Medical Aesthetics
# Evening Seminar
*Alma Lasers presents a unique and complimentary evening training course*
*... certificates included!*

**TUITION: FREE**
Course includes food and beverage, lectures, hands-on treatment observations, parking and a certificate of attendance for all physicians and staff attending. Registration is required & late registration will be accepted if space is available.

**OBJECTIVES:**
Lectures and discussions will review laser physics, safety, treatment parameters, techniques, and the latest in laser technology. Participants will observe patient treatments and gain experience through a hands-on lab.

## Friday October 17, 2008
## Columbus, Ohio

**EVENT TIME:** 6:30pm to 9:30pm
6:30 pm Registration
Wine and Hors d'oeuvres will be served

**EVENT LOCATION:**
The Columbus Hotel, 50 North 3rd Street
Columbus, OH, 43215, 614-228-5050

**SPEAKER:**
*John Hamel, MD*
*Emergency Medicine, Owner of Complete Laser Clinic*

AUG 19 2008

**WORKSHOP FEATURES:**
• Practice Management – Building a Power Aesthetic Practice
• Pain Free Hair Removal
• Skin Tightening
• Pixel- Fractional Resurfacing
• LIVE Patient Treatments
• Certificate of Training

**3 Ways to Register!**
Click: AlmaLasers.com
Call: 1.888.269.0550
Fax: 1.781.741.5576 or
    1.888.269.0559

*To be removed from the fax list please call 1.800.783.1714 or fax this form back to 1.888.269.0559 and your fax will be removed immediately.*


Lasers
Wellbeing Through Technology

www.AlmaLasers.com

**REGISTRATION FORM:**
☐ Yes! I will attend the workshop on Friday October 17, 2008
☐ I cannot attend, but would like additional information.

Name of Attendee: _____
Specialty: _____
Facility Name: _____
Address: _____
City: _____ State: ____ Zip: ____
Phone: _____ Fax: _____
E-mail: _____
Additional Attendee Names: (print clearly for certificates)
_____

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

PHYSICIANS HEALTHSOURCE, INC., an Ohio )
corporation, individually and as the representative of )
a class of similarly-situated persons, )
                      )
             Plaintiff, )
                      )   Case No.:
     v. )
                      )
ALMA LASERS, INC. and JOHN DOES 1-10, )
                      )
          Defendants. )

**FILED**

MAY 1 8 2012

*[signature]*
CIRCUIT CLERK

12 CH 2492

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, PHYSICIANS HEALTHSOURCE, INC., by its attorney, Anderson + Wanca,

respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class action

treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four (4) years prior to the filing of
> this complaint, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendants, (3) from whom
> Defendants did not obtain prior express permission or invitation to
> send those faxes, (4) with whom Defendants did not have an
> established business relationship, and (5) which did not display a
> proper opt out notice.

> All persons who on or after five years (5) prior to the filing of this
> complaint, were sent telephone facsimile messages by or on behalf
> of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., prays that this court

enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth

herein.

Respectfully submitted,

PHYSICIANS HEALTHSOURCE, INC.,
individually, and as the representative for a class of
similarly-situated persons

By: _Brian J Wanca_____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC #3126474

2

## SUMMONS

# IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

PHYSICIANS HEALTHSOURCE, INC., an Ohio )
corporation, individually and as the representative )
of a class of similarly-situated persons )
  )
  )
  )
                             **Plaintiffs** )

No. **12 CH 2492**

              vs. )
  )
ALMA LASERS, INC. and JOHN DOES 1-10 )
  )
Serve: ALMA LASERS, INC. )
    c/o Ziv Karni or Isaiah Halivni, officers )
    485 Half Day Road )
    Buffalo Grove, IL 60089 )
                    **Defendants** )

To each of the above-named defendants:

      You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

      This summons may not be served later than 30 days after its date.

           SEAL
             OF
           COURT

WITNESS SALLY D. COFFELT. Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of MAY 1 8 2012 A.D., 20_____

                             **SALLY D. COFFELT, Clerk**

Date of Service: 5-24 , 20 12
(To be inserted by officer on copy left with defendant or
other person.)

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) ANDERSON + WANCA
3701 Algonquin Rd., Suite 760
Address Rolling Meadows, IL 60008
Telephone 847-368-1500

171-138 Rev 8/00

SHERIFF'S FEES

( Service and return .......................................$_____
(
( Miles_____ ...................................$_____
(
( Total...................................................$_____

_____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a)-(Individual defendants – personal):

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____

_____

_____

(b)-(Individual defendants – abode):

By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c)-(Corporate defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d)-(Other service):

_____

_____

_____, Sheriff of _____ County

By: _____
                    (Deputy)