UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 12 C 4978 |
| vs. | ) ) | |
| ALMA LASERS, INC., and JOHN DOES 1-10, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on defendant Alma Lasers, Inc.'s ("Alma")

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following

reasons, Alma's motion is denied in part and granted in part.

## BACKGROUND[1]

This putative class-action lawsuit was spawned by three identical and unsolicited

facsimiles (the "fax") that Alma sent to plaintiff Physicians Healthsource, Inc. ("PHI")

in 2008. Alma, an Illinois corporation, sent the faxes to promote a free seminar on

---

[1]  For the purposes of a motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). Exhibits attached to the complaint are considered part of the complaint. Fed. R. Civ. P. 10(c).

medical aesthetics.  PHI alleges that Alma intended to market its products and services at the seminar.

The top of the one-page fax declares in bold letters that "Alma Lasers Invites You to a Comprehensive Medical Aesthetics Evening Seminar."  To the left of the invitation is a circular seal that reads "Alma Lasers Leadership University, Medical Aesthetics."

Just below, the fax states that the seminar is free, and that topics to be covered include "laser physics, safety, treatment parameters, techniques, and the latest in laser technology."  Participants will also have the opportunity to observe patient treatments and participate in a lab.  The fax also advertises a workshop, where participants will discuss:

- Practice Management – Building a Power Aesthetic Practice
- Pain Free Hair Removal
- Skin Tightening
- Pixel-Fractional Resurfacing
- LIVE Patient Treatments
- Certificate of Training

The bottom of the fax contains instructions for those interested in attending the seminar.  Fax recipients are directed to register by contacting Alma via its website, phone number, or fax number.  Finally, the fax provides  phone and fax numbers for those wishing to be removed from Alma's fax distribution list.

PHI, an Ohio corporation, filed a two-count class-action complaint in the Circuit

Court of the 19th District of Lake County, Illinois.[2]  The complaint alleges that Alma's

fax ran afoul of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and that it

is liable for conversion for Alma's use of PHI's fax machine, paper, ink toner, and

employees' time.  Alma removed the suit pursuant to 28 U.S.C. § 1331.  Now before

the Court is Alma's Rule 12(b)(6) motion to dismiss both counts for failure to state a

claim.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a

complaint.  *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).  To

state a claim, the allegations in the complaint must set forth a "short and plain statement

of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

While detailed factual allegations are not required, a plaintiff must provide enough

support to raise its right to relief above a speculative level.  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  Furthermore, a claim must provide sufficient factual matter

"to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citation omitted).  The Court accepts all well-pleaded facts as true, and

draws all possible inferences in plaintiff's favor.  *EEOC v. United Airlines, Inc.*, No. 11-

---

[2] *Physicians Healthsource, Inc. v. Alma Lasers, Inc.*, Case No. 12CH2492.

1774, 2012 U.S. App. LEXIS 18804, at *5 (7th Cir. Sept. 7, 2012); *citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

**DISCUSSION**

**I.     TCPA Claim**

Alma argues that the fax falls outside of the TCPA's purview because the fax advertised a free seminar that did not, on its face, promote products or services for commercial purposes.

Congress enacted the TCPA to prevent the shifting of advertising costs to recipients of unsolicited fax advertisements. *See* H.R. Rep. No. 317, at 10, 102d Cong., 1st Sess. 25 (1991); *Phillips Randolph Enters., L.L.C. v. Adler-Weiner Research Chi., Inc.*, 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007). The TCPA prohibits the sending of "unsolicited advertisements" by fax. 47 U.S.C. § 227(b)(1)(C). An "unsolicited advertisement" is a fax that advertises "the commercial availability or quality of any . . . goods[] or services which is transmitted to any person without that person's prior express invitation or permission . . . ." *Id.* § 227(a)(5). Faxes promoting a free seminar may constitute an "unsolicited advertisement" since free seminars are often a pretext to market products or services. *See In re Rules and Regulations Implementing the Tel. Protection Act of 1991; Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3787, 3814 (Apr. 6, 2006) ("*Rules and Regulations*").

On its face, the fax at issue promotes a free seminar on various medical aesthetics techniques. While the fax does not indicate an intent to market products or services, the complaint alleges that the seminar is a part of Alma's "work or operations to market [Alma]'s goods or services." Accepting PHI's well-pleaded allegations as true and drawing all inferences in PHI's favor, it is plausible that Alma promoted its products and services by holding a free seminar. That is enough to state a claim under the TCPA.

Alma relies on *Philips Randolph*, 526 F. Supp. 2d 851, and *Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Research Inst.,* No. 06 0369-CV-W-ODS, 2006 U.S. Dist. LEXIS 42552 (W.D. Mo. June 23, 2006), in arguing that PHI's allegations fall short of stating a claim. But unlike the plaintiffs in those cases, PHI alleges that Alma used free seminars like the one advertised here to market its goods. *See Phillips Randolph Enters., L.L.C.*, at 526 F. Supp. at 853 (dismissing a TCPA claim where plaintiff failed to allege that the defendants were "in the business of advertising products or services" during research discussions); *Ameriguard*, 2006 U.S. Dist. LEXIS 42552, at *4 (dismissing a TCPA claim where the plaintiff did not allege that "Defendant sells medication directly to the public."). Those cases are therefore unhelpful to Alma.

Alma also argues that the complaint is too vague and speculative to state a claim. The Court reminds Alma that a complaint only need provide a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Agnew v. NCAA*, 683 F.3d

- 5 -

328, 334 (7th Cir. 2012); *quoting Twombly*, 550 U.S. at 555 (citation omitted). PHI's

allegations cross this threshold.

Because PHI's complaint adequately states a claim under the TCPA, Alma's

motion to dismiss PHI's TCPA claim is denied.

## II.   Conversion

Alma argues that PHI's allegations do not support a conversion claim because a

fax machine, toner, paper, and employees' time do not constitute "specific chattel." *See*

*Rossario's Fine Jewelry, Inc. v. Paddock Publ'n, Inc.*, 443 F. Supp. 2d 787, 980 (N.D.

Ill. 2006) (dismissing a conversion claim for loss of ink, toner, and paper because those

items do not constitute  "specific chattel" unless they are specifically identified). PHI

failed to respond to Alma's motion to dismiss the conversion claim, thus waiving its

claim. *See Lopez v. Pactiv Corp.*, 11 C 4599, 2012 U.S. Dist. LEXIS 58696, at *3-4

(N.D. Ill. Apr. 27, 2012) (collecting cases). PHI's conversion claim is dismissed.

## CONCLUSION

For the foregoing reasons, Alma's motion to dismiss is denied in part and granted

in part.

Charles P. Kocoras
United States District Judge

Dated:   September 18, 2012