UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 12 C 4978 |
| ALMA LASERS, INC. and JOHN DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on Defendant Alma Lasers, Inc.'s ("Alma") motion to strike. For the following reasons, the Court grants Alma's motion to strike.

## BACKGROUND

On May 18, 2012, Plaintiff Physicians Healthsource, Inc. ("Plaintiff") filed a complaint against Alma and John Does 1-10 (collectively "Alma") after it received multiple faxes advertising an October 17, 2008 seminar in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The parties engaged in extensive fact and expert discovery, including the deposition of Kathy Curtis ("Curtis"), Plaintiff's office manager, who testified that she would mail fax logs to

1

Plaintiff's attorney if she received them from the fax machine and that Plaintiff, itself, would not retain a copy of these fax logs.

After Curtis's deposition and in a letter from February 23, 2013, Alma requested that Plaintiff produce the fax logs described by Curtis. In response, Plaintiff produced fax logs from July 22, 2008, August 5, 2008 and August 19, 2008 (collectively the "Fax Logs"). The Fax Log from August 19, 2008 was produced in redacted form pursuant to a protective order. On June 6, 2013, the Court closed all fact discovery. In early 2014, the parties engaged in expert discovery. Alma's expert Scott Kuperman testified about the Fax Logs, as did Plaintiff's expert Robert Biggerstaff ("Biggerstaff"). The Fax Logs were the key factors in both parties' expert reports and expert depositions.

On April 17, 2014, Plaintiff filed its motion for class certification. In the motion, Plaintiff asserted that it based its claims on faxes allegedly sent by Westfax at Alma's direction. Alma filed its opposition to the motion on May 22, 2014 in which Alma argued that the Fax Logs produced in discovery failed to show receipt of any fax from Alma or Westfax, coupled with the fact that the Fax Logs show the name "M Raza Kahn MD" in the header, and not Plaintiff's name. On June 19, 2014, Plaintiff filed its reply to the motion for class certification and attached a Declaration from Biggerstaff ("Biggerstaff's Declaration"). Attached to Biggerstaff's Declaration was a new fax log from August 19, 2008 (the "New Log"). Biggerstaff's Declaration explains that on June 17, 2014, Plaintiff discovered the New Log, which establishes

that the August 19, 2008 fax log with a 9:23 timestamp is related to a fax log entry on August 19, 2008 at 11:27. Biggerstaff contends that the New Log is consistent with a fax being sent from Mountain Time (WestFax is located in this time zone) to a receiving fax machine in Eastern Time (Plaintiff's fax machine is in this time zone). Plaintiff insists the failure to produce the New Log was an "inadvertent mistake".

On July 1, 2014, Alma filed a motion to strike Biggerstaff's Declaration, all arguments and references based on Biggerstaff's Declaration, and bar any other use of the untimely-produced documents. In its motion, Alma argues that after Plaintiff received Alma's opposition to the class certification motion that: (i) Plaintiff changed its theory of the case in its reply brief; (ii) solicited a new declaration from its expert, Biggerstaff, that contracted his prior deposition testimony; and (iii) attempted to produce new documents that had been previously withheld. Specifically, Alma alleges the New Log was not produced during discovery and now Plaintiff intends to use the New Log to show receipt of a fax from a number it attributes to Alma. Thus, Alma contends that Plaintiff's actions are a violation of multiple subsections of Federal Rule of Civil Procedure 26 ("Rule 26").

After reviewing the motion to strike, response, and reply, this Court ordered Plaintiff to produce one knowledgeable witness to be deposed by both parties, within one month from August 29, 2014, when the order was issued. This witness was to have sufficient information as to: (i) Plaintiff's failure to produce the New Log dated

August 19, 2008; and (ii) the circumstances surrounding Plaintiff's discovery of the additional fax journal entry on or around June 18, 2014.

On September 19, 2014, Plaintiff produced John Lowry ("Lowry"), an attorney who worked for Plaintiff, but was not an employee of Plaintiff. According to his deposition, Lowry is considered a "liaison" between Plaintiff and Anderson & Wanca, the firm that represents Plaintiff in the current proceeding. Lowry testified at his deposition that Plaintiff's counsel had possession of the New Log since Lowry sent it via email to Plaintiff's counsel in March 2013. Lowry also testified that he re-sent the New Log in June 2014 to Plaintiff's counsel at Anderson & Wanca. Both parties then provided the Court with supplemental memorandum detailing their analyses of Lowry's deposition testimony.

Pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"), Alma moves to: (i) strike Biggerstaff's Declaration submitted by Plaintiff as an attachment to the Reply; (ii) strike all arguments and references in the Reply based on Biggerstaff's Declaration and all documents produced by Plaintiff after the close of discovery (and after Plaintiff filed the Reply); and (iii) bar any other use of the untimely-produced documents.

## LEGAL STANDARDS

Rule 37 provides for sanctions:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37 also permits the Court to order payment of the reasonable expenses and impose other appropriate sanctions. *Id*.

Rule 37(c)'s preclusion sanction is mandatory absent a showing that the failure to comply with Rule 26 was justified or harmless. *Salgado v. General Motors, Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Rule 26(a) outlines required disclosures parties must exchange during discovery. Fed. R. Civ. P. 26(a). Rule 26(e)(1)(A) requires a party who has made a disclosure under Rule 26(a) to supplement its discovery disclosures and responses in a timely manner when it learns its prior disclosures or responses were incomplete or incorrect. The Seventh Circuit has also held "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

The Seventh Circuit applies the following factors in determining whether a violation of Rule 26(a) is justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or

willingness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857.

## DISCUSSION

Throughout this opinion we refer to Plaintiff, however, to be clear, it is the responsibility of Plaintiff's counsel to comply with the discovery rules. With respect to whether the New Log should have been provided during fact discovery under Rule 26(a) or supplemented under Rule 26(e), according to Lowry's deposition testimony, he sent the New Log in March of 2013 to Plaintiff's counsel at Anderson & Wanca. This Court closed fact discovery in June of 2013, so Plaintiff had the New Log in its possession at this time. Plaintiff does not refute this. Therefore, it is undisputed that the New Log was untimely. Now, it is Plaintiff's burden to show that the failure to comply with Rule 26(a) and (e) was justified or harmless under Rule 37(c), as explained in the Legal Standards section, *supra*. Because Biggerstaff's Declaration is essentially an explanation of the New Log, this Court will focus on whether Plaintiff's untimely production of the New Log was in violation of the Federal Rules.

Plaintiff argues that there is a "mountain of other evidence" demonstrating that Plaintiff did in fact receive faxes directly from Alma. Plaintiff also insists "Alma has conjured up this story to argue that Plaintiff did not receive faxes from Alma because there is no reference to Alma on Plaintiff's fax journal" and "Alma never explains *why* Plaintiff would purposely withhold evidence that support its own case." These speculative accusations are neither the issue nor applicable to the standard under Rule

6

37. Instead, the question is whether Plaintiff has satisfied one of the mitigating circumstances—that it was justified or harmless when it failed to timely produce the documents. The Court is not here to weigh how much evidence exists against Alma's alleged violation of the TCPA—that is for a different day. What we are here for is to enforce well-established discovery principles. We will now apply the Seventh Circuit factors in *David* to determine whether Plaintiff's "inadvertent mistake" caused Alma harmed.

**I. Harm**

**A. Prejudice and the Ability to Cure Prejudice**

Alma contends that Plaintiff's failure to produce the New Log, Biggerstaff's Declaration, and other untimely documents caused it prejudice and deprived it of the opportunity to examine the new evidence and subject it to expert analysis. Consequently, Alma argues that Biggerstaff's Declaration is now inconsistent with his prior deposition, causing Alma to incur the cost of the motion to strike and the additional out of state deposition of Lowry.

Throughout its Response to the motion to strike, Plaintiff argues that Alma is not prejudiced because Biggerstaff's Declaration is consistent with his prior opinions and that Biggerstaff has consistently maintained that WestFax sent Plaintiff the faxes at issue on behalf of Alma based on: (i) Alma's contract with WestFax; (ii) WestFax invoices; and (iii) an email from an Alma employee to WestFax dated July 14, 2008 that references the fax broadcasts for the October 17 seminar. Specifically, Plaintiff

avers that Biggerstaff testified, "I believe that the evidence is enough to convince me beyond any doubt that I have that WestFax sent these faxes based on the contracts, based on the invoices and based on the emails, et cetera." Plaintiff also proposes that Biggerstaff found WestFax invoices to Alma corresponding to the dates of the transmissions documented in the headers of the three faxes at issue.

Alma disagrees, stating that Biggerstaff testifies in his deposition that he did not expect Alma's phone number to be anywhere in the Fax Logs because they were sent by WestFax. He also states that the evidence is enough to convince him "beyond any doubt" that Westfax sent the faxes at issue. Conversely, in his Declaration Biggerstaff opines that the New Log shows a fax number associated with Alma, not Westfax.

If the New Log and Biggerstaff's Declaration are included as evidence, it becomes unclear what Biggerstaff is offering as expert testimony. The parties dispute the significance of the potential inconsistencies, but it is obvious by the uncertainty between the parties that the inclusion of the New Log alters Biggerstaff's opinions in some way. On fairness principles, if we allow the new evidence, fact and expert discovery would have to be reopened. Expert witnesses would have to be re-deposed. Briefs for the motion for class certification would have to be rewritten. The ruling on the motion for class certification would be postponed. And, the cost of litigating the case for both parties would certainly increase even more than it already has since the filing of the instant motion. Therefore, allowing the New Log and Biggerstaff's

8

Declaration into evidence would prejudice Alma, and the ability to cure this prejudice would add months and more expenses to an already lengthy case.

### B. Likelihood of Disruption to the Trial

Plaintiff argues that since no trial date has been set, any prejudice to Alma can be cured. As seen in Part A, *supra*, it is apparent that reopening discovery would disrupt a possible trial considerably. *See* Fed. R. Civ. P. 1; *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (the court has the obligation and the right to enforce adherence to its case management plans to ensure the just, speedy, and inexpensive determination of the matters brought before it). However, the fact that no trial date has been set does not render the late disclosures harmless.

### C. Bad Faith or Willingness in Nondisclosure

At no time did Plaintiff represent to Alma that it was only producing some of the fax logs from July 22, 2008, August 5, 2008 and August 19, 2008. In fact, Plaintiff originally produced the August 19, 2008 Fax Log in redacted form based on a protective order in place. This means that Plaintiff's counsel, at the very least, reviewed the Fax Logs provided by Lowry in March 2013 in order to redact certain information. While suspect, there is no concrete evidence to establish that Plaintiff was acting in bad faith or had a willingness not to disclose the New Log. Consequently, on balance, this factor weighs in favor of Plaintiff.

## II. Justification

Alma argues that Plaintiff supplies no indication that the late production of the New Log was justified because Plaintiff does not explain how the New Log was found or why it was withheld. Plaintiff's only reference to the circumstances surrounding its failure to locate these newly produced documents hinges on the fact that the transmission time on the log is two hours and four minutes different than the transmission information located in the header of the faxes at issue.

After review, this Court agrees—nowhere in its Response or Supplemental Response to the motion to strikes does Plaintiff explicitly discuss whether its conduct was justified. However, the Court infers from Plaintiff's briefs that much of the delay in producing the New Log was based on a time zone difference. Unlike what Plaintiff asserts, this Court does not find that Plaintiff's "fail[ure] to take into account the time differential between Colorado and Cincinnati" amounts to a simple oversight. This situation is more than an attorney's slipshod management of discovery materials.

Where we find issue is in the fact that Plaintiff possessed the New Log, which Alma specifically requested on numerous occasions, and still chose to provide Alma with contorted, "cherry-picked" discovery documents. Plaintiff should have never kept potentially relevant documents that may have been used to support Alma's claims or defenses pursuant to Rule 26(a)(1)(A)(ii). Under the rules, Plaintiff was obligated to submit *all* relevant information that it had in its possession, custody, or control, and indeed, Lowry's deposition informs the Court that Plaintiff's counsel had

the New Log for an entire year. Since Plaintiff had control of the New Log and failed to disclose it, Plaintiff's excuses are not persuasive because sloppiness is not a known defense to the failure to comply with discovery requirements.

Using our broad discretion, we conclude that Plaintiff did not simply neglect to provide an immaterial part of the record, but engaged in a substantial breach of its discovery obligations by only engaging in a selective discovery exchange, omitting at least one major piece of evidence. The sanction of exclusion is therefore automatic and mandatory because Plaintiff has not established that its violation of Rule 26 was justified or harmless. We find that granting Alma's motion to strike in its entirety is proportional to Plaintiff's violation. *See Salgado*, 150 F.3d at 740 (". . . the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction."). Thus, the Court: (i) precludes Plaintiff's use of Biggerstaff's Declaration; (ii) strikes all arguments and references in the Reply based on Biggerstaff's Declaration and the untimely-produced documents; (iii) and bars the use of the untimely-produced documents. It is so ordered.

## CONCLUSION

For the foregoing reasons, the Court grants Alma's motion to strike.

_____
Charles P. Kocoras
United States District Judge

Dated: 11/20/2014